## NORFOLK & WESTERN R. CO. v. AMERICAN COMPRESSED STEEL CORPORATION.

### No. 11057.

United States Court of Appeals
Sixth Circuit.
April 21, 1950.

Philip S. Kouri, Wichita Falls, Tex., for appellants.

O. R. Tipps, Wichita Falls, Tex., Hobert Price, Dallas, Tex., Milburn E. Nutt, Wichita Falls, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

John W. Hudson, Cincinnati, Ohio, for appellant.

Howard Gould, Cincinnati, Ohio, for appellee.

Before HICKS, Chief Judge, and SIMONS and MARTIN, Circuit Judges.

PER CURIAM.

This appeal has been heard and considered upon the record and the oral arguments and briefs of attorneys for both the appellant and the appellee. The district court found that the appellee instructed the War Assets Administration to ship speci-

fied fence posts under the provisions of Kipp's Tariff No. 414A; and concluded correctly that, as a matter of law, the provisions of that Tariff could not be applied retroactively but must be complied with "before movement of the shipment takes place." Appellee took no cross-appeal from this holding.

The district court held further that, since the appellee furnished specific shipping instructions to the War Assets Administration to make the shipment in conformity with the aforementioned Tariff, "equity will intervene to prevent defendant from being assessed the full burden of the difference between the scrap iron rate and the fence post rate"; and that equity permits a court to intervene "where the application of purely legal rules will create an injustice and a judgment should not be levied against the defendant for more than the rate calculated on scrap iron plus one-half ($\frac{1}{2}$) of the difference between the rate calculated on the scrap iron and that calculated on fence posts." Judgment was accordingly entered on the basis of the court's conclusion.

■ In effect, the district court changed the Tariff provisions and the freight charges calculated thereon, and entered a judgment based on its own calculations as to what would be equitable between the parties. We think the court possessed no such power. Deviation from rates fixed by schedule duly filed is not permitted, even though hardship may result occasionally from the undeniably strict rule. Louisville and Nashville R. R. v. Maxwell, 237 U.S. 94, 35 S.Ct. 494, 59 L.Ed. 853, L.R.A.1915E, 665. See also Pennsylvania Railroad Company v. International Coal Mining Company, 230 U.S. 184, 196, 33 S.Ct. 893, 57 L. Ed. 1446, Ann.Cas.1915A, 315.

In Texas and Pacific Railway Company v. Abilene Cotton Oil Company, 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553, 9 Ann.Cas. 1075, a state trial judge followed very much the same procedure as did the United States District Judge in the instant case. The Supreme Court of the United States reversed, holding that the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., had placed upon carriers the duty of publishing schedules of reasonable and uniform rates, and therefore a shipper could not maintain an action for excessive and unreasonable freight charges exacted on interstate shipments where the rates charged were those which had been duly fixed according to the Act and had not been found unreasonable by the Interstate Commerce Commission.

Obviously, the district court had no lawful power to enter the judgment from which appeal is taken. Accordingly, its judgment is reversed; and the cause is remanded with direction that the appellant carrier, which was plaintiff below, be awarded judgment against the appellee for freight charges due it in compliance with the provisions of the proper Tariff.